JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05039-JHN-CWx | Date | August 1, 2011 |
|---|---|---|---|
| Title | Willa M Richardson v. Aurora Loan Services LLC et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT AND DENYING MOTION TO DISMISS AS MOOT [16] (In Chambers)

On June 15, 2010, Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. (collectively, "Removing Defendants"[1]) removed this case to federal court from Los Angeles Superior Court. Removing Defendants assert that federal jurisdiction exists on the basis of a federal question. (Notice of Removal ¶ 3.) Plaintiff, who is in pro se, filed an Objection to Removal on July 15, 2011 on the ground that her complaint presents no federal question. (Docket No. 20.)

Under 28 U.S.C. § 1441, the Court has removal jurisdiction over civil actions "arising under" federal law pursuant to 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Moreover, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

---

[1] Also named as Defendants are Chicago Title Company, Homewide Lending Corporation, and Quality Loan Services, Inc. These parties have not joined in removal.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05039-JHN-CWx | Date | August 1, 2011 |
|---|---|---|---|
| Title | Willa M Richardson v. Aurora Loan Services LLC et al. | | |

This case centers on a dispute over ownership of property in Inglewood, California. (Compl. ¶ 3.) Plaintiff's Complaint alleges five causes of action: (1) to set aside a trustee's sale; (2) cancellation of trustee's deed upon sale; (3) injunctive relief; (4) wrongful foreclosure; (5) and quiet title.

Here, although Removing Defendants allege federal question jurisdiction, Plaintiff's five causes of action arise under California law. Plaintiff cites California statutory law, including California Civil Code sections 2923.5, 2923.6, and 2932.5. (Compl. ¶¶ 32, 34, 19.) Plaintiff does not cite federal statutory or case law. No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. Therefore, no federal question jurisdiction exists.[2]

Removing Defendants failed to meet their burden of establishing federal jurisdiction. **Accordingly, the Court REMANDS this matter to Los Angeles Superior Court.[3]**

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[2] Removing Defendants did not allege or rely on diversity jurisdiction. Regardless, it appears that diversity jurisdiction pursuant to 28 U.S.C. § 1332 does not exist, as Plaintiff alleges that Defendant Quality Loan Services, Inc. has as principal place of business in San Diego, California. (Compl. ¶ 2.) "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

[3] On June 22, 2011, Removing Defendants filed a Motion to Dismiss, arguing that this Court's dismissal of a prior similar suit has preclusive effect. (Docket no. 16.) The motion is denied as moot. Because jurisdiction is a threshhold question, and the Court does not have jurisdiction, it must remand the matter.

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05039-JHN-CWx | Date | August 1, 2011 |
|---|---|---|---|
| Title | Willa M Richardson v. Aurora Loan Services LLC et al. | | |